UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ELIZABETH BOVA and PHILIP BOVA,<br><br>             Plaintiffs,<br><br>vs.<br><br>SUNBEAM PRODUCTS, INC.,<br><br>             Defendant | CAUSE NO.<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiffs, Elizabeth Bova and Philip Bova, by and through their counsel, Daniel R. Laurence of Stritmatter Kessler Koehler Moore, bring this civil action, and allege and state as follows:

## I.    PARTIES

1. Plaintiff Elizabeth Bova resides in Bonney Lake, Pierce County, Washington, and is a citizen of the state of Washington.

2. Plaintiff Philip Bova resides in Bonney Lake, Pierce County, Washington, and is a citizen of the state of Washington.

COMPLAINT AND JURY DEMAND - 1

Stritmatter Kessler Koehler Moore
3600 15th Avenue West, Suite 300
Seattle, WA 98119
(206) 448-1777

3. Defendant Sunbeam Products, Inc. ("Sunbeam") is a business entity organized and existing under the laws of the state of Delaware. At the time this action was commenced, the Principal Office Street Address of Sunbeam Products, Inc., is 6655 Peachtree Dunwoody Road, Atlanta, GA 30328. Therefore, Defendant Sunbeam Products, Inc, is deemed to be a citizen of the states of Delaware and Georgia. At the time this action was commenced, Corporation Service Company, 300 Deschutes Way SW, Suite 208 MC-CSC1, Tumwater, WA, 98501, was Defendant Sunbeam's registered agent for service of process in the state of Washington. At all times pertinent to this action, Defendant Sunbeam has been registered to do business in the state of Washington under UBI number 600 370 439.

## II.   **JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), because the parties are citizens of different states, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Defendant Sunbeam is subject to the *in personam* jurisdiction of this Court, because, at all times pertinent to this lawsuit, Defendant Sunbeam has done business within the state of Washington and has had continuous and systematic contacts with the state of Washington, including but not limited to the regular marketing and sale of consumer products – including but not limited to, for example, a product known as the Sunbeam Crock-Pot® 6-Quart Express Crock Multi-Cooker, Model No.

COMPLAINT AND JURY DEMAND - 2

SCCPPC600-V1 ["Sunbeam CrockPot®"] – into this state, and Plaintiffs' claims arise out of injuries caused by that product in the Western District of Washington.

6. Venue is proper in this federal judicial district pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the events and omissions giving rise to the claim occurred in the Western District of Washington and/or pursuant to 28 U.S.C. § 1391(b)(3) and (c)(2) because Defendant Sunbeam is subject to this court's personal jurisdiction in the Western District of Washington with respect to this action, including but not limited to Pierce County, Washington.

## III.    NATURE OF THE CASE

7. This civil action asserts claims for personal injuries received by Plaintiff Elizabeth Bova, when a Sunbeam Crock-Pot® they purchased ["subject Pressure Cooker" or "relevant product"] designed, manufactured, branded, imported, distributed and sold by Defendant Sunbeam, malfunctioned, causing its scalding hot contents to erupt from the product and cause serious burn injuries to her.

8. This civil action also asserts claims for personal injuries received by Plaintiff Philip Bova, when the subject Pressure Cooker malfunctioned, causing its scalding hot contents to erupt from the product and cause serious burn injuries to him.

9. Defendant Sunbeam designed, manufactured, branded, imported, distributed, and/or sold the subject Pressure Cooker in the state of Washington.

COMPLAINT AND JURY DEMAND - 3

10. As detailed below, on the basis of information and belief formed after reasonable inquiry and subject to discovery, each defect in the design, construction and/or warnings and instructions, within the meaning of Chapter 7.72 RCW, of the subject Pressure Cooker, which defect existed at the time of their manufacture, each post-manufacture failure to warn and/or instruct, and/or Defendant Sunbeam's negligence, was a cause in fact and legal cause of the subject Pressure Cooker opening while its contents were under pressure, and was a proximate cause of Plaintiffs' injuries.

**IV.    PRODUCT, PURCHASE AND INCIDENT**

11. Plaintiffs Elizabeth and Philip Bova purchased the subject Pressure Cooker as new in Washington.

12. The subject Pressure Cooker was expected, and did, reach the consumer Plaintiffs without substantial change in the condition in which it was sold.

13. Photos 1 and 2 below are true and correct depictions of portions of the subject Pressure Cooker:



Photo 1



Photo 2

COMPLAINT AND JURY DEMAND - 4

Stritmatter Kessler Koehler Moore
3600 15th Avenue West, Suite 300
Seattle, WA  98119
(206) 448-1777

14. Both the plastic bottom of the subject Pressure Cooker, and one of the metal prongs of the power cord plug of the Pressure Cooker, are embossed with the code "K215JN", which means this product was manufactured on or about the date of August 3, 2017. Photos 3 and 4 below are true and correct depictions of that embossed code on the subject Crock-Pot® Pressure Cooker:



Photo 3



Photo 4

15. On or about November 24, 2022, while Plaintiffs Elizabeth and Philip Bova were using the subject Crock-Pot® Pressure Cooker in a reasonable and foreseeable way, its lid opened while the contents were under pressure. The scalding hot contents forcefully erupted, which caused Plaintiff Elizabeth Bova serious burn injuries. Photos 5 and 6 below show burns the erupting contents inflicted on her.

\ \ \

COMPLAINT AND JURY DEMAND - 5

Stritmatter Kessler Koehler Moore
3600 15th Avenue West, Suite 300
Seattle, WA  98119
(206) 448-1777



Photo 5



Photo 6

The Pressure Cooker also spewed its hot contents onto Plaintiff Philip Bova .  Photo 7 below shows burns the erupting contents inflicted on him.



Photo 7

## V.    <u>ACCRUAL OF THE CAUSES OF ACTION</u>

16. Prior to the above-described eruption on November 24, 2022, Plaintiffs Elizabeth and Philip Bova had neither knowledge nor notice that there was any defect in the subject Pressure Cooker's design, manufacture, or labeling.

COMPLAINT AND JURY DEMAND - 6

Stritmatter Kessler Koehler Moore
3600 15th Avenue West, Suite 300
Seattle, WA  98119
(206) 448-1777

17. Prior to the above-described eruption on November 24, 2022, the Plaintiffs were unaware of any defects in the subject Pressure Cooker.

18. Prior to the above-described eruption on November 24, 2022, the subject Pressure Cooker had not malfunctioned.

19. Prior to the above-described eruption on November 24, 2022, the Plaintiffs had not suffered any injury from the use of the Pressure Cooker.

20. The Plaintiffs' cause of action against the Defendant Sunbeam accrued on November 24, 2022.

## VI.    "PRODUCT SELLER" AND "MANUFACTURER"

21. Defendant Sunbeam is engaged in the business of selling products (including but not limited to, for example, the relevant product and other Sunbeam Crock-Pot® 6-Quart Express Crock Multi-Cookers) for resale and/or for use.

22. Defendant Sunbeam is a "product seller" within the meaning of RCW 7.72.010(1) of the subject Pressure Cooker.

23. The subject Pressure Cooker, together with its packaging, warnings and/or instructions, is the "relevant product" within the meaning of RCW 7.72.010(3).

24. Defendant Sunbeam is a "manufacturer" within the meaning of RCW 7.72.010(2) of the subject Pressure Cooker because it designed, produced, made, fabricated, constructed, or remanufactured the subject Pressure Cooker and/or component part(s) of that product, including but not limited to its User Guide, and

COMPLAINT AND JURY DEMAND - 7

Stritmatter Kessler Koehler Moore
3600 15th Avenue West, Suite 300
Seattle, WA  98119
(206) 448-1777

other related packaging, warnings and/or instructions, before its sale to Plaintiffs as users and/or consumers, and/or because it holds itself out as a manufacturer of the relevant product.

25. The subject Crock-Pot® Pressure Cooker was designed, manufactured, imported, introduced into interstate commerce, promoted, marketed, distributed, and sold in the state of Washington by Defendant Sunbeam directly or through third parties acting on its behalf.

26. On information and belief formed after reasonable inquiry and subject to discovery, Sunbeam contracted with a Chinese entity known as Jiangmen Nanguang Electrical Appliance Industrial Co., Ltd. to construct the subject Pressure Cooker for Sunbeam, to Sunbeam's specifications and requirements, and bearing Sunbeam's brand name "Crock-Pot®", a United States registered mark Sunbeam owned at the times of manufacture of the subject Pressure Cooker and its retail sale to Plaintiffs.

27. Neither Jiangmen Nanguang Electrical Appliance Industrial Co. Ltd. nor any other entity that may be a "manufacturer" of the subject Pressure Cooker within the meaning of RCW 7.72.010(2), with the exception of Defendant Sunbeam, is registered to do business in the state of Washington.

28. To the extent any entity involved in the production and/or sale of the subject Pressure Cooker did not participate in the design of that product but constructed the product in accordance with the design specifications of another

COMPLAINT AND JURY DEMAND - 8

Stritmatter Kessler Koehler Moore
3600 15th Avenue West, Suite 300
Seattle, WA  98119
(206) 448-1777

"product seller" within the meaning of RCW 7.72.010(1), the entity is not a "manufacturer" within the meaning of RCW 7.72.010(2) for the purposes of RCW 7.72.030(1)(a).

29. With respect to the subject Pressure Cooker, Defendant Sunbeam is a "product seller" that has the liability of a "manufacturer" within the meaning of RCW 7.72.010(2) for the purposes of RCW 7.72.030(1)(a) to Plaintiffs Elizabeth and Philip Bova because, on information and belief formed after reasonable inquiry and subject to discovery:

   a) No solvent manufacturer who would be liable to the Plaintiffs is subject to service of process under the laws of the state of state of Washington, which is the Plaintiffs' domicile, RCW 7.72.040(2)(a);

   b) It is highly probable that the Plaintiffs would be unable to enforce a judgment against any manufacturer, RCW 7.72.040(2)(b);

   c) The product seller, Sunbeam, provided the plans or specifications for the manufacture or preparation of the product and such plans or specifications were a proximate cause of the defect in the product, RCW7.72.040(2)(d); and/or

   d) The product was marketed under a trade name or brand name of the product seller, Defendant Sunbeam, RCW 7.72.040(2)(e).

COMPLAINT AND JURY DEMAND - 9

Stritmatter Kessler Koehler Moore
3600 15th Avenue West, Suite 300
Seattle, WA  98119
(206) 448-1777

## VII.    INDUSTRY STANDARDS

30. Defendant Sunbeam claims that its Crock-Pot® Pressure Cooker "has been designed with safety in mind,"[1] and "has various safety measures"[2] such as, "Once the pressure increases, the Lid cannot be opened," and "At the end of cooking, the Lid cannot be unlocked until all the pressure is released."[3]

31. UL LLC ("UL"), formerly known as Underwriters Laboratories, is a for-profit company that, among other things, promulgates safety standards for some consumer products, performs safety tests on some such products and issues various designations such as listings and certifications to indicate conformity with its standards.  UL inspects and tests consumer products, and promulgates consumer product safety standards.  Those standards are widely accepted in the consumer products industry both in the United States and abroad.  For example, UL's Standards Technical Panels serve as the consensus body for both American National Standards and National Standards of Canada.

32. The subject Pressure Cooker states on its label: "UL Listed" and the information, "UL E189458 6G51".  [*See* Photo 2, above.]

---

[1]    *See* Sunbeam Products, Inc. Crock-Pot® Express Crock Multicooker Owner's Manual, p. 10, available at: https://s7d9.scene7.com/is/content/NewellRubbermaid/DASH/S7_int/2020/SCCPPC600-V1-Express%20Crock%20IB.PDF.
[2]    *Id.*
[3]    *Id.*

COMPLAINT AND JURY DEMAND - 10

Stritmatter Kessler Koehler Moore
3600 15th Avenue West, Suite 300
Seattle, WA  98119
(206) 448-1777

33.  A product seller that states the relevant product is "UL Listed" represents that UL has determined, either through its own testing or reliance on manufacturer testing, that the product meets recognized standards for safety, and is free from some foreseeable risks of electric shock or fire under some circumstances.

34. UL Standard for Pressure Cookers, UL Standard 136 is an industry standard that applies to the Crock-Pot® 6-Quart Express Crock Multi-Cooker, Model Number SCCPPC600-V1, including but not limited to the subject Pressure Cooker.

35. UL Standard for Pressure Cookers, UL Standard 136, requires, in part, that when the subject Pressure Cooker is under pressure the cover [lid] should not be able to be opened by applying a rotational force of 100 pounds (445 N) or less, with the force to be applied gradually.

36. The UL listing means, in part, that when the subject Pressure Cooker is under pressure the cover [lid] should not be able to be opened by applying a rotational force of 100 pounds (445 N) or less, with the force to be applied gradually.

37. The UL listing means, in part, that when the subject Pressure Cooker is under pressure the cover [lid] should not open on its own.

38. By labeling the subject Pressure Cooker as "UL Listed", Defendant Sunbeam represented that it complied at the time of manufacture with the UL Standard for Pressure Cookers, UL Standard 136.

COMPLAINT AND JURY DEMAND - 11

Stritmatter Kessler Koehler Moore
3600 15th Avenue West, Suite 300
Seattle, WA  98119
(206) 448-1777

39. However, the subject Pressure Cooker did *not* comply with applicable UL standards, because the lid could open on its own and/or by applying a rotational force of 100 pounds (445 N) or less while under pressure; whether because the testing failed to detect a defect in the product's design, and/or because the subject Pressure Cooker was defectively constructed.

## VIII.   NOTICE: PRIOR SIMILAR INCIDENTS

40. Defendant Sunbeam, or a third party acting on its behalf, has a database of each instance in which a consumer or a retailer reported to Sunbeam that the lid of a Sunbeam Crock-Pot® Pressure Cooker opened while the contents were under pressure.

41. Before the subject Pressure Cooker was manufactured and/or sold, and before Plaintiffs Elizabeth and Philip Bova were injured by that Pressure Cooker, Sunbeam had a database containing such reports and/or other notice of such events.

42. Prior to November 24, 2020, Defendant Sunbeam ignored and/or concealed from consumers and the general public Sunbeam's knowledge of the Crock-Pot® Pressure Cookers' defects, and continued to generate a substantial profit from the sale of its Crock-Pot® Pressure Cookers

## IX.   RECALL OF THE SUNBEAM CROCK-POT

43. On November 24, 2020, Defendant Sunbeam recalled approximately 914,430 of its Crock-Pot® 6-Quart Express Crock Multi-Cookers, Model Number

COMPLAINT AND JURY DEMAND - 12

Stritmatter Kessler Koehler Moore
3600 15th Avenue West, Suite 300
Seattle, WA  98119
(206) 448-1777

SCCPPC600-V1, that had been distributed in the United States, and approximately an additional 28,330 distributed in Canada, that were manufactured between the dates of July 1, 2017 and October 1, 2018.[4]

44. The CPSC stated that, as of the recall date, Defendant Sunbeam had "received 119 reports of lid detachment, resulting in 99 burn injuries ranging in severity from first-degree to third-degree burns."[5]

45. The CPSC's recall announcement stated, in pertinent part:

Hazard:

The recalled Crock-Pot multi-cooker can pressurize when the lid is not fully locked.  This can cause the lid to suddenly detach while the product is in use, posing burn risks to consumers from hot food and liquids ejected from the product.

This recall included the subject Pressure Cooker.[6]

46.  Plaintiffs did not receive a recall notice. Plaintiffs were not aware of the recall before the incident that gives rise to this lawsuit occurred.

47. The CPSC stated that the recalled Crock-Pot® 6-Quart Express Crock Multi-Cookers, Model Number SCCPPC600-V1, had been sold at "Walmart, Target

---

[4]  https://www.cpsc.gov/Recalls/2020/crock-pot-6-quart-express-crock-multi-cookers-recalled-by-sunbeam-products-due-to-burn.
[5]  *Id.*
[6]  *Id.*

COMPLAINT AND JURY DEMAND - 13

Stritmatter Kessler Koehler Moore
3600 15th Avenue West, Suite 300
Seattle, WA  98119
(206) 448-1777

and other retail stores nationwide and online at Amazon and other online retailers from July 2017 through November 2020 for between $70 to $100."[7]

48. Even after Defendant Sunbeam knew and/or reasonably should have known of these Crock-Pot® Pressure Cooker defects, it continued to manufacture and sell its defective Pressure Cookers to consumers, among them Plaintiffs Elizabeth and Philip Bova.

## X. FIRST CAUSE OF ACTION: DESIGN DEFECT – RCW 7.72.030(1)(A)

49. Plaintiffs incorporate the foregoing allegations.

50. Plaintiffs Elizabeth and Philip Bova used the subject Pressure Cooker for its intended purpose of preparing meals for themselves and their family and did so in a reasonable manner that was foreseeable by Defendant Sunbeam and any other manufacturer and seller of the product.

51. Under foreseeable use, the subject Crock-Pot® Pressure Cooker's lid could open while the unit was pressurized, causing its scalding hot contents and steam to erupt from the pot and onto its users and/or others nearby.

52. Defendant Sunbeam's Crock-Pot® Pressure Cookers, including but not limited to the subject Pressure Cooker, have design defects that make them

---

[7] *Id.*

COMPLAINT AND JURY DEMAND - 14

unreasonably dangerous for their intended use by consumers. Specifically, because of those defects:

a) The lid of the subject Pressure Cooker can open while the unit remains pressurized.

b) The lid of the subject Pressure Cooker can be incorrectly placed on the product, and the product will operate as if the lid were correctly placed on the product, heat, and pressurize, even though the lid was not in the fully locked position.

c) The subject Pressure Cooker was designed in such a way that the lid could be opened by applying a rotational force of 100 pounds (445 N) or less, with the force to be applied gradually while still under pressure, causing scalding hot contents to erupt from the pot when opened;

d) The subject Pressure Cooker was designed in such a way that the product could indicate that the contents were not under pressure, when in fact they were under pressure, causing scalding hot contents to erupt from the pot when the lid was opened;

e) The subject Pressure Cooker was designed in such a way that the lid of the product could be placed on the product in an incorrect position, or not fully engaged, the product would not recognize the incorrect placement of the lid, and would operate as it the lid were properly

COMPLAINT AND JURY DEMAND - 15

positioned, allowing the lid to spontaneously detach, or be opened with little effort, causing scalding hot contents to erupt from the pot when the lid was opened;

f) The subject Pressure Cooker did not comply with UL Standard 136;

g) The subject Pressure Cooker's instructions and warnings did not warn that in spite of the various features incorporated into the product the lid could be opened when the contents were under pressure;

h) The subject Pressure Cooker's Owner's Guide states, "Once the pressure increases, the Lid cannot be opened,"[8] although that statement is not true because the lid could be opened under pressure , causing scalding hot contents to erupt from the pot when the lid was opened; and/or

i) The subject Pressure Cooker was designed in such a way that Steam Release Valve and/or the Bobber Valve, both intended safety features, intended to seal in pressure while cooking and allow the release of pressure upon finishing cooking, as well as to discourage the user from opening the lid when the device was under pressure by steam was

---

[8] *See* Sunbeam Products, Inc. Crock-Pot® Express Crock Multicooker Owner's Manual, p. 10, available at: https://s7d9.scene7.com/is/content/NewellRubbermaid/DASH/S7_int/2020/SCCPPC600-V1-Express%20Crock%20IB.PDF.

COMPLAINT AND JURY DEMAND - 16

Stritmatter Kessler Koehler Moore
3600 15th Avenue West, Suite 300
Seattle, WA 98119
(206) 448-1777

emitting through those valves, was or were not effective or sufficient, and so allowed the lid to be opened when the Pressure Cooker was pressurized, and causing scalding hot contents to erupt from the subject Pressure Cooker when the lid was opened under normal and foreseeable use.

j) The subject Pressure Cooker was designed and sold to Plaintiffs without a visible, reliable accurate and redundant mechanical or electronic indicator that would assure the user that the vessel's pressure had been reduced to a level at which the user could safely open the Pressure Cooker Lid without relying solely on whether steam was not escaping from the Steam Release Valve and/or the Bobber Valve.

53. At the time of manufacture, the likelihood that the subject Pressure Cooker would cause Plaintiff Elizabeth and Philip Bova's injuries or similar harms, and the seriousness of those harms, outweighed the burden on Defendant Sunbeam and any other manufacturer of the subject Pressure Cooker to design a similar product that would have prevented those harms without a materially adverse effect that an alternative design that was practical and feasible would have on the usefulness of that product.

54. Defendant Sunbeam knew or reasonably should have known (assuming Sunbeam had adequately designed and/or tested the subject Pressure Cooker) that:

COMPLAINT AND JURY DEMAND - 17

a)    the lid could be opened when the subject Pressure Cooker is still under pressure;

b)    the safety devices were inadequate to prevent the lid from being opened when subject Pressure Cooker is still pressurized;

c)    the safety devices of subject Pressure Cooker, at times, would indicate that there is no pressure in the subject Pressure Cooker, when in fact there is pressure in the pot;

d)    that the lid could be put on incorrectly, and the product would operate, heat, and pressurize, while the lid is not in the fully locked position; and,

e)    that when the lid of the subject Pressure Cooker is opened under pressure, steam and the contents could erupt from the pot and cause severe scalding injuries to the consumer opening the subject Pressure Cooker, and anyone near it.

55. The subject Pressure Cooker at the time of its manufacture and thereafter was dangerous to an extent beyond which would be contemplated by the ordinary consumer for the reasons identified above.

COMPLAINT AND JURY DEMAND - 18

Stritmatter Kessler Koehler Moore
3600 15th Avenue West, Suite 300
Seattle, WA  98119
(206) 448-1777

56. Economical and safer alternative designs were available at the time of the subject Pressure Cooker's manufacture that could have prevented the defects identified above.

57. Economical and safer alternative designs were available at the time of the subject Pressure Cooker's manufacture that could have prevented the defect identified above.

## XI.    SECOND CAUSE OF ACTION: CONSTRUCTION DEFECT – RCW 7.72.030(2)(A)

58.  Plaintiffs incorporate the foregoing allegations.

59. The Plaintiffs Elizabeth  and Philip Bova used the subject Pressure Cooker for its intended purpose of preparing meals for themselves and their family and did so in a reasonable manner that was foreseeable by Defendant Sunbeam.

60. However, even if the subject Pressure Cooker was not defective in design, it was, in the alternative, defectively constructed, because, on the basis of information and belief formed after reasonable investigation and subject to discovery, that Pressure Cooker deviated in some material way from the design specifications and/or performance standards of the manufacturer, and/or deviated in some material way from otherwise identical units of the same product line. The deviation(s) included, but may not have been limited to, the subject Pressure Cooker's failure to comply with UL Standard 136.

COMPLAINT AND JURY DEMAND - 19

Stritmatter Kessler Koehler Moore
3600 15th Avenue West, Suite 300
Seattle, WA  98119
(206) 448-1777

61. The construction defect in the subject Pressure Cooker failed to prevent the lid from opening while the unit remained pressurized, during the ordinary, foreseeable, and proper use of cooking food, placing the Plaintiffs, any other potential users of subject Pressure Cooker, and consumers of similar Sunbeam CrockPot® Pressure Cookers in unreasonable danger while using them, and causing Plaintiffs' injuries and damages.

62. The construction defects in Defendant Sunbeam's Crock-Pot® Pressure Cookers, including but not limited to the subject Pressure Cooker, make them unsafe to an extent beyond that which would be contemplated by the ordinary consumer; specifically, because the product will open under normal and foreseeable use while pressurized.

## XII.    THIRD CAUSE OF ACTION:
## FAILURE TO WARN AND/OR INSTRUCT - RCW 7.72.030(1)(B)

63. Plaintiffs incorporate the foregoing allegations.

64. Defendant Sunbeam failed to provide Plaintiffs Elizabeth and Philip Bova adequate warnings or instructions with the subject Pressure Cooker. At the time of manufacture, the likelihood that the product would cause Plaintiffs' harms or similar harms, and the seriousness of those harms, rendered the warnings or instructions of the manufacturer inadequate and the manufacturer could have provided the warnings or instructions that would have been adequate; specifically, specifically conspicuous notice, in advertising, on the exterior and interior packaging and in the instructions

COMPLAINT AND JURY DEMAND - 20

Stritmatter Kessler Koehler Moore
3600 15th Avenue West, Suite 300
Seattle, WA  98119
(206) 448-1777

provided with the Pressure Cooker, and on the Pressure Cooker itself, stating that that the lid could be placed incorrectly on the product and nevertheless the pot could pressurize and that the lid could open under pressure so as to scald or burn users, the conditions under which those dangers could occur and the means to avoid them.

65. Neither Defendant Sunbeam nor the subject Pressure Cooker, its packaging or instructions warned Plaintiffs Elizabeth and Philip Bova that the lid could be opened when the cooker's contents were under pressure, and that serious injury could result from opening it under pressure;

66. Neither Defendant Sunbeam nor the subject Pressure Cooker, its packaging or instructions warned Plaintiffs Elizabeth and Philip Bova that even if steam was not escaping from the Steam Release Valve or the Bobber Valve, suggesting as described in the Pressure Cooker's User Guide that the pressure had been released, the cooker's contents may still be under pressure, and that serious injury could result from opening the lid under pressure.

67. Defendant Sunbeam's marketing, instructions, warnings, and packaging, misrepresented the subject Pressure Cooker's safety characteristics and the inability of the lid to open when the subject Pressure Cooker's contents were under pressure, because in fact the lid could open under pressure under normal and foreseeable use.

\ \ \

Stritmatter Kessler Koehler Moore
3600 15th Avenue West, Suite 300
Seattle, WA  98119
(206) 448-1777

## XIII.   FOURTH CAUSE OF ACTION: POST-MANUFACTURE FAILURE TO WARN - RCW 7.72.030(1)(C)

68. Plaintiffs incorporate the foregoing allegations.

69. Even after Defendant Sunbeam knew or should have known of the Crock-Pot® Pressure Cooker defects and danger described above, it failed to warn its consumers, among them Plaintiffs Elizabeth and Philip Bova, of the serious risks posed by these defects.  Defendant Sunbeam failed to provide Plaintiffs adequate warnings or instructions after the product was manufactured even if Defendant Sunbeam learned and/or a reasonably prudent manufacturer should have learned about the above-described defects and resulting danger *after* the subject Pressure Cooker was manufactured. Under those circumstances, Defendant Sunbeam was under a duty to act with regard to issuing warnings or instructions concerning the danger in the manner that a reasonably prudent manufacturer would act in the same or similar circumstances. This duty was not satisfied because Defendant Sunbeam failed to exercise reasonable care to inform product users, including Plaintiffs Elizabeth and Philip Bova, of the defects and resulting danger described above.

## XIV.   FIFTH CAUSE OF ACTION: ORDINARY NEGLIGENCE

70. Plaintiffs incorporate the foregoing allegations.

71. Defendant Sunbeam had a duty of reasonable care to Plaintiffs not to sell consumer products that Sunbeam knew or reasonably should have known to be

COMPLAINT AND JURY DEMAND - 22

Stritmatter Kessler Koehler Moore
3600 15th Avenue West, Suite 300
Seattle, WA  98119
(206) 448-1777

unreasonably dangerous; whether those products were defective within the meaning of Chapter 7.72 RCW or not.

72. Despite Defendant Sunbeam's claims of "safety", it imported, distributed, and sold to consumers, either directly itself, or through third-parties, Crock-Pot® Pressure Cookers that presented unreasonable and significant risks of causing burns to their users, and that in fact caused burns to some of their users. Specifically, these defects caused the lid of at least some of those Pressure Cookers to open while the product was under pressure, with the contents heated in excess of 100°C [212°F], and steam inside the unit. When the lid opens or is removed under such circumstances, the pressure within the unit causes the scalding hot contents to erupt from the unit and into the surrounding area, including onto persons nearby.

73. Defendant Sunbeam knew or reasonably knew that the subject Pressure Cooker was dangerous before the pressure cooker was sold to Plaintiffs.

74. After Defendant received notice and/or actual knowledge that Sunbeam CrockPot® products were being opened when the device was under pressure Defendant Sunbeam:

a) Failed to prevent the sale of the subject Pressure Cooker to Plaintiffs.

b) Failed to stop selling the products until after the design defect could be solved;

COMPLAINT AND JURY DEMAND - 23

Stritmatter Kessler Koehler Moore
3600 15th Avenue West, Suite 300
Seattle, WA  98119
(206) 448-1777

c) Failed to stop selling the products until after any construction defect issue could be solved;

d) Failed to stop selling the products until after proper warnings and instructions could be disseminated to product owners;

e) Failed to recall timely and effectively the products sold to consumers and/or remaining in retail inventory; and

f) Failed to exercise reasonable diligence in locating owners of the products.

75. Defendant Sunbeam received revenue from the distribution transaction(s) resulting in sale of the subject Pressure Cooker to Plaintiffs.

76. Defendant Sunbeam had duties to Plaintiffs to notify them timely of the hazards and defects associated with that product and described above, and/or, if Sunbeam were to recall the product, then to do so using reasonable care.

77. On information and belief formed after reasonable inquiry, and subject to discovery, Defendant Sunbeam breached its duties of care to Plaintiffs by failing to exercise reasonable diligence to identify them as the purchasers of the subject Pressure Cooker, and to notify them timely of the hazards and defects associated with that product and described above and of Sunbeam's recall.

\ \ \

COMPLAINT AND JURY DEMAND - 24

Stritmatter Kessler Koehler Moore
3600 15th Avenue West, Suite 300
Seattle, WA 98119
(206) 448-1777

## XV.    SIXTH CAUSE OF ACTION:
## VIOLATION OF WASHINGTON CONSUMER PROTECTION-UNFAIR BUSINESS PRACTICES ACT – CHAPTER 19.86 RCW

78. Plaintiffs incorporate the foregoing allegations.

79. Defendant Sunbeam's misconduct with respect to the deceptive marketing and sale of the subject Pressure Cooker violates the Washington Consumer Protection – Unfair Business Practices Act, Chapter 19.86 RCW.

80. Defendant Sunbeam engaged in the unfair and deceptive acts and practices described above.

81. Defendant Sunbeam, in violation of RCW §19.86.020 and RCW §19.86.093, engaged in unfair and deceptive acts or practices injurious to the property of Plaintiffs and other members of the public, because it marketed and sold Sunbeam CrockPot® products with false and deceptive claims of safety that (a) injured other persons; (b) had the capacity to injure other persons; and (c) have the ongoing capacity to injure other persons.

82. The unfair and deceptive acts or practices of Defendant Sunbeam include that it claimed the Sunbeam Crock-Pot® 6-Quart Express Crock Multi-Cooker, Model Number SCCPPC600-V1 products it sold:

a) had safety features that prevented the lid of the product from being opened while the contents were under pressure, when in fact the lid can be opened when contents are under pressure; and,

COMPLAINT AND JURY DEMAND - 25

Stritmatter Kessler Koehler Moore
3600 15th Avenue West, Suite 300
Seattle, WA  98119
(206) 448-1777

b) complied with applicable UL Standard 136, when those products did not.

83. Defendant Sunbeam's unfair and deceptive acts and practices occurred in trade and commerce.

84. Defendant Sunbeam's unfair and deceptive acts and practices affect the public interest as demonstrated by the hazards the Sunbeam Crock-Pot® 6-Quart Express Crock Multi-Cooker, Model Number SCCPPC600-V1presented to its users, the injuries it caused many of them, and the product recall described above.

85. Defendant Sunbeam's unfair and deceptive acts and practices were causes in fact and legal causes of Plaintiffs Elizabeth and Philip Bova to suffer injury to their property in the form of the cost of the defective subject Pressure Cooker, the fact that it can no longer be used, and their medical expenses caused by the injuries that product inflicted upon them.

## XVI.  **PUNITIVE DAMAGES**

86. Plaintiffs incorporate the foregoing allegations.

87. The misconduct of Defendant Sunbeam, as set forth in this complaint, demonstrates a callous, reckless, and willful, indifference to the health, safety and welfare of consumers and users of the Sunbeam Crock-Pot® 6-Quart Express Crock Multi-Cooker, Model Number SCCPPC600-V1, including but not limited to

COMPLAINT AND JURY DEMAND - 26

Stritmatter Kessler Koehler Moore
3600 15th Avenue West, Suite 300
Seattle, WA  98119
(206) 448-1777

Plaintiffs Elizabeth and Philip Bova and others similarly injured by that make and model product.

88. Defendant Sunbeam's representations about "safety" are not just misleading, they are false, wrong, deceptive, and put innocent consumers like the Plaintiffs Elizabeth and Philip Bova directly in harm's way and at risk of serious injury.

89. Defendant Sunbeam knew or should have known that its Crock-Pot® Pressure Cookers possessed defects that posed a serious safety risk to the Plaintiffs, and other users of these products.

90. After Defendant Sunbeam knew or should have known of these defects it failed to timely and effectively announce its recall of these dangerous and defective Crock-Pot® Pressure Cookers.

91. Even after Defendant Sunbeam knew or should have known of these defects, and the risk of serious burn injuries to Crock-Pot® Pressure Cooker users, Sunbeam prioritized profit over the safety of consumers, and continued to distribute and profit from sale of these products.

92. Defendant Sunbeam ignored and concealed its knowledge of these defects in its Crock-Pot® Pressure Cookers from consumers, the United States Consumer Product Safety Commission [CPSC], and the public in general, and in fact not only emphasized to the public that its Crock-Pot® Pressure Cookers were useful, but

COMPLAINT AND JURY DEMAND - 27

assured the public these Pressure Cookers were safe, in order to continue to profit from their sale. On Defendant Sunbeam's internet website in the years 2019 and 2020, the company claimed, "Through cutting-edge innovation and intelligent design . . . [f]or over 100 years, Sunbeam has been simplifying the lives of everyday people."[9]

93. Defendant Sunbeam warranted, marketed, advertised, and sold its Crock-Pot® Pressure Cookers as "an all-in-one appliance that's always ready when you are,"[10] allowing consumers to cook "instant, healthy, home-cooked dish in under an hour. . . ."[11]

94. According to the Owner's Manual accompanying each unit sold, the Crock-Pot® Pressure Cookers purport to be designed with "safety in mind and has various safety measures."[12]

95. For instance, Defendant Sunbeam claims that its Crock-Pot® Pressure Cookers include "safety sensors"[13] to keep the lid from being opened while the unit

---

[9]    https://www.newellbrands.com/our-brands/sunbeam/ (June 9, 2019 and Sept 25, 2020).
[10]    https://www.crock-pot.com/pressure-and-multi-cookers/multi-cookers/express-crock/crock-pot-6-quart-express-crock-pressure-cooker/SCCPPC600-V1.html/ (May 24, 2020).
[11]    *Id.*
[12]    Sunbeam Products, Inc. Crock-Pot® Express Crock Multicooker Owner's Manual, *Supra.*, p. 10.
[13]    *Id.*

COMPLAINT AND JURY DEMAND - 28

Stritmatter Kessler Koehler Moore
3600 15th Avenue West, Suite 300
Seattle, WA  98119
(206) 448-1777

is under pressure; "Pressure will not build if the Lid is not shut correctly and has not sealed"[14]; and, "Once the pressure increases, the Lid cannot be opened."[15]

96. In addition to the "safety measures" listed in the manual, Defendant Sunbeam's Crock-Pot® website claimed that consumers "cook with confidence" because the "Airtight locking lid stays sealed under pressure for added safety."[16]

97. The Plaintiffs used the subject Pressure Cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

98. Defendant Sunbeam's actions and omissions as described above demonstrate that the foregoing representations were fraudulent, and Defendant Sunbeam's callous, reckless, and willful indifference to the health, safety and welfare of the Plaintiffs and consumers like them.

99. Defendant Sunbeam is liable to Plaintiffs Elizabeth and Philip Bova for punitive damages under the laws of the State of Delaware.

## XVII.  PLAINTIFFS' INJURIES AND DAMAGES

100.    Plaintiffs incorporate the foregoing allegations.

---

[14] *Id.*
[15] *Id.*
[16] https://www.crock-pot.com/pressure-and-multi-cookers/multi-cookers/express-crock/crock-pot-6-quart-express-crock-pressure-cooker-black-stainless/SCCPPC600-V1-DS.html/ (September 23, 2020).

COMPLAINT AND JURY DEMAND - 29

Stritmatter Kessler Koehler Moore
3600 15th Avenue West, Suite 300
Seattle, WA  98119
(206) 448-1777

101.   Defendant Sunbeam's wrongful acts and the defects in the subject Pressure Cooker described above were individually and in combination causes in fact and legal causes of Plaintiffs Elizabeth and Philip Bovas' serious bodily injuries and other economic and non-economic harms and damages, including, but not limited to:

(a) Severe burns to Elizabeth Bova's face, neck, chest, breasts, right hand, left shoulder, and left arm;

(b) Severe burns to Philip Bova's right arm;

(c) Physical and mental pain, suffering, and anguish, past and future;

(d) Emotional distress, past and future;

(e) Health care expenses, past and future;

(f) Lost household services, past and future;

(g) Lost enjoyment of life, past and future;

(h) Disfigurement, past and future;

(i) Disability, past and future;

(j) Loss of spousal consortium, past and future;

(k) Actual and treble damages for Plaintiffs' actual damages resulting from injury to Plaintiff's property. and costs of

COMPLAINT AND JURY DEMAND - 30

Stritmatter Kessler Koehler Moore
3600 15th Avenue West, Suite 300
Seattle, WA  98119
(206) 448-1777

suit, including reasonable attorneys' fees, pursuant to Chapter 19.86 RCW; and

(l) Punitive damages under Delaware law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Elizabeth Bova and Philip Bova demand judgment against Defendant Sunbeam Products, Inc., in an amount to be determined by a jury, to include:

a) the monetary value of their special and general damages;

b) treble damages pursuant to RCW 19.86.090;

c) punitive damages pursuant to Delaware law;

d) prejudgment interest to the extent allowed by applicable law;

e) post-judgment interest;

f) taxable costs, and

g) reasonable attorney fees to the extent allowed by Washington law; and

h) All other relief available under the law to fully compensate the Plaintiffs for their injuries and damages.

## **PLAINTIFFS DEMAND A TRIAL BY JURY**

\ \ \

\ \ \

\ \ \

COMPLAINT AND JURY DEMAND - 31

Stritmatter Kessler Koehler Moore
3600 15th Avenue West, Suite 300
Seattle, WA  98119
(206) 448-1777

DATED this 7th day of March, 2024.

STRITMATTER KESSLER KOEHLER MOORE

By: s/ Daniel R. Laurence
    Daniel R. Laurence, WSBA #19697

3600 15th Ave. West, Ste. 300
Seattle, WA 98119
Telephone (206) 448-1777
Facsimile: (206) 728-2131
Email:  dan@stritmatter.com

*Attorneys for Plaintiffs*

COMPLAINT AND JURY DEMAND - 32